UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FEDERAL HOME LOAN BANK OF
BOSTON,

                          Plaintiff,

        v.

ALLY FINANCIAL, INC., *et al*.

                          Defendants.

Civil Action No.

(Superior Court of the Commonwealth of
Massachusetts for Suffolk County, Civil
Action No. 11-1533-BLS1)

## NOTICE OF REMOVAL

TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
       OF MASSACHUSETTS

            PLEASE TAKE NOTICE THAT Defendants Bear Stearns Asset Backed
Securities I, LLC, EMC Mortgage Corporation, J.P. Morgan Acceptance Corporation I, J.P.
Morgan Mortgage Acquisition Corp., J.P. Morgan Securities, LLC (f/k/a Bear, Stearns & Co.
Inc. and J.P. Morgan Securities, Inc.), JPMorgan Chase & Co., JPMorgan Securities Holdings,
LLC, Structured Asset Mortgage Investments II, Inc., The Bear Stearns Companies, LLC (f/k/a
The Bear Stearns Companies Inc.), and WaMu Capital Corp. (collectively, the "Removing
Defendants"), pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), hereby remove this action[1] from
the Superior Court of the Commonwealth of Massachusetts to the United States District Court

---

[1] On May 23, 2011, Individual Defendants Lana Franks, Richard S. Fuld, Jr., Edward Grieb, Richard McKinney,
Christopher O'Meara, Kristine Smith, James J. Sullivan, Samir Tabet and Mark Zusy also filed a Notice of Removal
seeking to remove specifically the claims against them contained in the first, second and third causes of action in the
Complaint filed in this action.  On May 25, 2011, Individual Defendant Barry J. O'Brien filed a Joinder in the
Individual Defendants' Notice of Removal.

for the District of Massachusetts.[2]  This removal arises under 28 U.S.C. §§ 1334(b), 1441, 1446

and 1452(a), and 12 U.S.C. § 1432(a).  As grounds for removal, the Removing Defendants state

as follows:

## SUMMARY

1.       Defendants may properly remove an action from state court pursuant to 28

U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action.

2.       This Court has original jurisdiction over this matter pursuant to the charter

of the Federal Home Loan Bank of Boston, 12 U.S.C. § 1432(a), and all claims and causes of

action in the matter may be removed to this Court under 28 U.S.C. § 1441(a).

3.       This Court also has original jurisdiction over this matter pursuant to 28

U.S.C. §§ 1334(b) and 1452(a) because this action is "related to" ongoing bankruptcy

proceedings, and all claims and causes of action in this matter may be removed to this Court

under 28 U.S.C. §§ 1441 and/or 1452.

## PROCEDURAL HISTORY AND BACKGROUND

4.       On or about April 20, 2011, Plaintiff filed a complaint (the "Complaint")

in the Superior Court of the Commonwealth of Massachusetts (the "State Court") entitled

"*Federal Home Loan Bank of Boston v. Ally Financial, Inc. et al.*," Civil Action No. 11-1533-

BLS1 (the "State Court Action").

5.       On April 28, 2011, and thereafter, Plaintiff served the Complaint on the

Removing Defendants.  In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings

---

[2] The Removing Defendants appear specially for the purpose of removal only.  They reserve all defenses as to jurisdiction, service, or otherwise that may be available in this action.

and orders served upon the Removing Defendants are attached hereto as Exhibit A.[3]

6.     In the Complaint, Plaintiff alleges that it purchased approximately 115 Private Label Mortgage-Backed Securities ("PLMBS") issued or underwritten by various defendants.  Residential home mortgages provide the collateral for each of the PLMBS at issue, such that mortgage payments made by thousands of homeowners back the PLMBS at issue in this case.  Plaintiff alleges that defendants made material untrue statements and omissions in connection with the sale of PLMBS to the Plaintiff.  The allegations center on disclosures concerning the lending practices of originators of the mortgage loans that provide the collateral of the PLMBS.

7.     Plaintiff purports to bring claims against the Removing Defendants under the Massachusetts Uniform Securities Act, Mass. Gen. Laws c. 110A § 410, under the state Consumer Protection Act, Mass. Gen. Laws c. 93A § 11, and under the common law, based on alleged material untrue statements and omissions in connection with the sale of the PLMBS to the Plaintiff.  Paragraphs 45-49, 85-89 and 127 of the Complaint, and Appendices XI, XII, XIII, and XIV identify the offerings alleged to be at issue in the claims against the Removing Defendants.  Many of these offerings involved securities backed by mortgage loan collateral that was originated almost entirely by now-bankrupt entities.

8.     The Removing Defendants deny that they have any liability whatsoever to Plaintiff.

9.     The Removing Defendants' time to answer the summons and complaint

---

[3] Because the complaint with exhibits is 767 pages, the Removing Defendants attach only one copy of the complaint served on the Removing Defendants.  Should the Court so desire, the Removing Defendants can supplement this filing with copies of the complaint served on each of the Removing Defendants.  Copies of the summons served on each of the Removing Defendants are attached in Exhibit A.

has not expired and none of the Removing Defendants has served or filed an answer.

10.     No motions or other proceedings in this action are pending in the State Court.

11.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after service of the summons and Complaint.

## GROUNDS FOR REMOVAL

### FHLB Boston's Federal Charter Confers Original Jurisdiction

12.     This Court has original jurisdiction over this matter pursuant to Plaintiff's charter.  The Supreme Court has held that "a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction" where, as here, it "specifically mentions the federal courts."  *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 255 (1992).

13.     Plaintiff's charter is codified in the Federal Home Loan Bank Act, 12 U.S.C. § 1421 *et seq.*, and specifically references the federal courts.  The Act provides that all Federal Home Loan Banks "shall have the power . . . to sue and be sued, to complain and to defend in any court of competent jurisdiction, State or Federal."  12 U.S.C. § 1432(a).  Recent decisions have held that charters with language essentially identical to the FHLB charter, which includes the phrase "any court of competent jurisdiction," also confer original jurisdiction to the federal district courts under *American National Red Cross*.  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Rains*, 534 F.3d 779, 785 (D.C. Cir. 2008) (holding that Fannie Mae's charter, which includes "court of competent jurisdiction" in its "sue or be sued" clause, conferred original jurisdiction on federal district courts on the basis of the charter alone); *Grun v. Countrywide Home Loans*, No. Civ. A.S.A.-03-CA-0141-XR, 2004 WL 1509088, at *2 (W.D. Tex. Jul. 1, 2004) (denying remand based on "sue or be sued . . . in any court of competent

jurisdiction" clause).[4]

14.     This Court has also recognized that a charter clause materially identical to the one at issue here confers federal jurisdiction under *American National Red Cross*. In *Rodriguez v. Fed. Nat'l Mortg. Ass'n*, 268 F. Supp. 2d 87, 89-90 (D. Mass. 2003), this Court explicitly stated that "the Supreme Court has held that the 'sue and be sued' provision in a charter act of a similar federally chartered organization confers original jurisdiction over all cases to which the federally chartered corporation is a party, 'with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action it is defending.'" *Id.* (citing *Am. Nat'l Red Cross*, 505 U.S. at 248).[5]

15.     Because Plaintiff's charter specifically references federal courts, this Court has original jurisdiction over this action and removal is available pursuant to section 1441(a).  *See, e.g.*, *Am. Nat'l Red Cross*, 505 U.S. at 247 (the "sue or be sued" provision of the Red Cross charter confers "original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action . . . .").

**"Related to" Bankruptcy Jurisdiction**

16.     This Court also has original jurisdiction over this matter under 28 U.S.C.

---

[4] The Removing Defendants are aware of recent decisions by district courts in other Circuits holding that claims asserted by other Federal Home Loan Banks are not subject to removal under the terms of the Congressional charter. *See, e.g.*, *Federal Home Loan Bank of Chicago v. Bank of Am. Funding Corp.*, No. 10-C-7560, 2011 WL 151842, at *2 (N.D. Ill. Jan. 18, 2011); *Federal Home Loan Bank of San Francisco v. Deutsche Bank Sec., Inc.*, Nos. 10-3039, 10-3045, 2010 WL 5394742, at *6-8 (N.D. Cal. Dec. 20, 2010); *Federal Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp. 2d 1283, 1286 (W.D. Wash. 2010).  We respectfully submit that those decisions incorrectly apply the Supreme Court's decision in *American Nat'l Red Cross* and the decision in *Pirelli* by the only Court of Appeals that has addressed the issue.

[5] The court went on to distinguish *Red Cross* and remand the case because, unlike here, the removing party was a counterclaim defendant that had initially filed the action in state court. *See id.* at 90 ("[counterclaim defendant] concedes that *Red Cross* did not involve a counterclaim, as is present here, and that the removal statute only allows a "defendant" to remove a state court case to federal court.").

§§ 1334(b) and 1452(a), because this action is "related to" numerous ongoing bankruptcy proceedings.

17.    "[A] civil proceeding is related to a bankruptcy [where] the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Garcia-Quintero v. Commonwealth of Puerto Rico*, No. Civ. 96-1770, 1997 WL 157744, at *2 (1st Cir. Mar. 11, 1997) (quoting *In re GSF Corp.*, 938 F.2d 1467, 1475 (1st Cir. 1991)). *See also In re Boston Regional Med. Ctr., Inc.*, 410 F.3d 100, 105 (1st Cir. 2005).

18.    The allegations against the Removing Defendants arise in part from the following PLMBS, each of which contains mortgages originated by bankrupt entities:

| **Offering** | **Originator(s) in Bankruptcy** | **Underwriter/ Seller** | **Removing Defendant(s) Named By Plaintiff** |
|---|---|---|---|
| AHM 2005-2 | American Home Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; The Bear Stearns Companies, LLC |
| BALTA 2005-10 | Accredited Mortgage; Bear Stearns Residential Mortgage Corporation; Aegis Mortgage Corporation; Loan Link Financial Services; Lancaster Mortgage Bankers, LLC; American Home Mortgage Corporation; United Financial Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |

| **Offering** | **Originator(s) in Bankruptcy** | **Underwriter/ Seller** | **Removing Defendant(s) Named By Plaintiff** |
|---|---|---|---|
| BALTA 2005-8 | Bear Stearns Residential Mortgage Corporation; Lancaster Mortgage Bankers, LLC; Homebanc Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| BALTA 2005-9 | Bear Stearns Residential Mortgage Corporation; Homebanc Mortgage Corporation; Oak Street Mortgage LLC; Lancaster Mortgage Bankers, LLC | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| BALTA 2006-1 | Bear Stearns Residential Mortgage Corporation; Homebanc Mortgage Corporation; Lancaster Mortgage Bankers, LLC; Aegis Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Bear Stearns Asset Backed Securities I, LLC; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |

| **Offering** | **Originator(s) in Bankruptcy** | **Underwriter/ Seller** | **Removing Defendant(s) Named By Plaintiff** |
|---|---|---|---|
| BALTA 2006-3 | Bear Stearns Residential Mortgage Corporation; OwnIT Mortgage Solutions, Inc.; Lancaster Mortgage Bankers, LLC; Oak Street Mortgage LLC; Loan Link Financial Services; Homebanc Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| BALTA 2006-5 | Bear Stearns Residential Mortgage Corporation; American Home Mortgage Corporation; American Mortgage and Financial Services; American Mortgage Resources; Homebanc Mortgage Corporation; Lancaster Mortgage Bankers, LLC | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| BALTA 2006-6 | Bear Stearns Residential Mortgage Corporation; American Home Mortgage Corporation; American Mortgage and Financial Services; American Mortgage Resources; Lancaster Mortgage Bankers, LLC; Aegis Mortgage Corporation; Mountain View Mortgage Company | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |

| **Offering** | **Originator(s) in Bankruptcy** | **Underwriter/ Seller** | **Removing Defendant(s) Named By Plaintiff** |
| --- | --- | --- | --- |
| BALTA 2006-7 | Homebanc Mortgage Corporation; American Home Mortgage Corporation; First NLC Financial Services LLC; First Magnus Financial Corporation; Mountain View Mortgage Company; Franklin Bank Corporation; American Mortgage and Financial Services; American Mortgage Resources; Realty Mortgage Corporation; The Mortgage Company; Delta Funding Corporation; Choice Capital Funding; United Financial Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| BALTA 2007-1 | American Home Mortgage Corporation; First NLC Financial Services LLC; Franklin Bank Corporation; Mountain View Mortgage Company; First Magnus Financial Corporation; Homebanc Mortgage Corporation; ComUnity Lending, Inc.; Realty Mortgage Corporation; Cameron Financial Group, Inc.; Home Capital Funding, Inc.; United Financial Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |

| Offering | Originator(s) in Bankruptcy | Underwriter/ Seller | Removing Defendant(s) Named By Plaintiff |
|---|---|---|---|
| BALTA 2007-2 | Bear Stearns Residential Mortgage Corporation; Franklin Bank Corporation; First Magnus Financial Corporation; American Home Mortgage Corporation; ComUnity Lending, Inc.; Homebanc Mortgage Corporation; Mountain View Mortgage Company; First NLC Financial Services LLC; Realty Mortgage Corporation; Home Capital Funding, Inc.; United Financial Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| BALTA 2007-3 | Bear Stearns Residential Mortgage Corporation; First Magnus Financial Corporation; ComUnity Lending, Inc.; American Home Mortgage Corporation; Mountain View Mortgage Company; Franklin Bank Corporation; First NLC Financial Services LLC; Homebanc Mortgage Corporation; American Mortgage and Financial Services; American Mortgage Resources; Realty Mortgage Corporation; Home Capital Funding, Inc.; Cameron Financial Group, Inc.; United Financial Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |

| **Offering** | **Originator(s) in Bankruptcy** | **Underwriter/ Seller** | **Removing Defendant(s) Named By Plaintiff** |
|---|---|---|---|
| BSMF 2006-AR1 | Bear Stearns Residential Mortgage Corporation; Mountain View Mortgage Company; Home Capital Funding, Inc. | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| BSMF 2006-AR2 | Bear Stearns Residential Mortgage Corporation; Mountain View Mortgage Company; American Home Mortgage Corporation; Homebanc Mortgage Corporation; ComUnity Lending, Inc.; Cal Coast Mortgage Corporation; Home Capital Funding, Inc.; Realty Mortgage Corporation; United Financial Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| BSMF 2006-AR3 | Bear Stearns Residential Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |

| **Offering** | **Originator(s) in Bankruptcy** | **Underwriter/ Seller** | **Removing Defendant(s) Named By Plaintiff** |
|---|---|---|---|
| BSMF 2006-AR5 | Bear Stearns Residential Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| BSMF 2007-AR1 | Bear Stearns Residential Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| BSMF 2007-AR4 | Bear Stearns Residential Mortgage Corporation; ComUnity Lending, Inc.; Aegis Mortgage Corporation; American Home Mortgage Corporation; Home Capital Funding, Inc. | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |

| Offering | Originator(s) in Bankruptcy | Underwriter/ Seller | Removing Defendant(s) Named By Plaintiff |
|---|---|---|---|
| BSMF 2007-AR5 | Bear Stearns Residential Mortgage Corporation; ComUnity Lending, Inc.; Aegis Mortgage Corporation; Loan Link Financial Services; Realty Mortgage Corporation; Cameron Financial Group, Inc. | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| JPALT 2006-A3 | American Home Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; J.P. Morgan Acceptance Corporation I; J.P. Morgan Mortgage Acquisition Corp.; JPMorgan Chase & Co.; JPMorgan Securities Holdings, LLC |
| JPALT 2007-A2 | Alliance Bancorp, Inc.; American Home Mortgage Corporation; ComUnity Lending, Inc.; Loan Link Financial Services | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; J.P. Morgan Acceptance Corporation I; J.P. Morgan Mortgage Acquisition Corp.; JPMorgan Chase & Co.; JPMorgan Securities Holdings, LLC |

| Offering | Originator(s) in Bankruptcy | Underwriter/ Seller | Removing Defendant(s) Named By Plaintiff |
|---|---|---|---|
| LUM 2006-3 | Bear Stearns Residential Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; The Bear Stearns Companies, LLC |
| LUM 2006-7 | American Home Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; The Bear Stearns Companies, LLC |
| NAA 2007-3 | American Home Mortgage Corporation | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; The Bear Stearns Companies, LLC |
| SAMI 2005-AR3 | Aegis Mortgage Corporation; Homebanc Mortgage Corporation; Home Capital Funding, Inc. | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |
| SAMI 2005-AR6 | Home Capital Funding, Inc. | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |

| **Offering** | **Originator(s) in Bankruptcy** | **Underwriter/ Seller** | **Removing Defendant(s) Named By Plaintiff** |
|---|---|---|---|
| SAMI 2006-AR4 | Bear Stearns Residential Mortgage Corporation; ComUnity Lending, Inc.; Loan Link Financial Services; Home Capital Funding, Inc. | J.P. Morgan Securities, LLC | J.P. Morgan Securities, LLC; Structured Asset Mortgage Investments II, Inc.; EMC Mortgage Corporation; The Bear Stearns Companies, LLC |

19.     The above-identified originators of the mortgages backing the PLMBS listed above (the "Originators") made certain written representations to the Removing Defendants regarding the Originators' respective loan underwriting standards and the nature of mortgage loan collateral for each of the PLMBS identified in paragraph 14, above.  Each of the Originators is engaged in ongoing bankruptcy proceedings.

20.     On May 1, 2009, Accredited Home Lenders Holding Co., the parent holding company of Bear Stearns Residential Mortgage Corporation, filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Accredited Home Lenders Holding Co., et al.*, Case No. 09-11516.

21.     On January 18, 2008, First NLC Financial Services LLC filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida, *In re First NLC Financial Services, LLC*, Case No. 08-10632.

22.     On August 9, 2007, Homebanc Mortgage Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court

for the District of Delaware, *In re Homebanc Mortgage Corporation*, Case No. 07-11079-KJC.

23.     On August 6, 2007, the American Home Mortgage Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re American Home Mortgage Corporation*, Case No. 07-11051.

24.     On June 8, 2007, Oak Street Mortgage LLC filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Indiana, *In re Oak Street Mortgage LLC*, Case No. 07-05279.

25.     On July 13, 2007, Alliance Bancorp, Inc., f/k/a United Financial Mortgage Corp., filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Alliance Bancorp.*, Case No. 07-10943.

26.     On December 28, 2006, OwnIT Mortgage Solutions, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, *In re OwnIT Mortgage Solutions, Inc.*, Case No 06-12579.

27.     On January 4, 2008, ComUnity Lending, Inc., d/b/a/ American Mortgage and Financial Services and American Mortgage Resources, filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California, *In re ComUnity Lending, Inc.*, Case No. 08-50030.

28.     On August 21, 2007, First Magnus Financial Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Arizona, *In re First Magnus Financial Corporation*, Case No. 07-01578.

29.     On August 13, 2007, Aegis Mortgage Corporation filed a voluntary

petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Aegis Mortgage Corporation, et al.*, Case No. 07-11119.

30.    On October 5, 2006, Cal Coast Mortgage Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of California, *In re Cal Coast Mortgage Corporation*, Case No. 06-02981.

31.    On November 12, 2008, Franklin Bank Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, *In re Franklin Bank Corporation*, Case No. 08-12924.

32.    On August 31, 2007, Lancaster Mortgage Bankers, LLC filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey, *In re Lancaster Mortgage Bankers, LLC*, Case No. 07-22479.

33.    On June 18, 2010, Mountain View Mortgage Company filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the District of Nevada, *In re Mountain View Mortgage Company*, Case No. 10-21356.

34.    On February 13, 2010, Loan Link Financial Services filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, *In re Loan Link Financial Services, Inc.*, Case No. 10-11777.

35.    On February 19, 2008, Cameron Financial Group, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, *In re Cameron Financial Group, Inc.*, Case No. 08-10322.

36.    On July 5, 2007, Choice Capital Funding, Inc. filed a voluntary petition

for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Georgia, *In re Choice Capital Funding, Inc.*, Case No. 07-70717.

37.     On December 17, 2007, Delta Funding Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of California, *In re Delta Funding Corporation*, Case No. 07-11881.

38.     On November 9, 2010, Home Capital Funding, Inc. filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of California, *In re Home Capital Funding, Inc.*, Case No. 10-19896.

39.     On February 18, 2009, Realty Mortgage Corporation filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Mississippi, *In re Realty Mortgage Corporation*, Case No. 09-00544.

40.     On February 13, 2008, Maverick Residential Mortgage Inc. a/k/a The Mortgage Company, filed a voluntary petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Texas, *In re Maverick Residential Mortgage Inc.*, Case No. 08-40352.

41.     Pursuant to agreements containing certain indemnification provisions for the benefit of the Removing Defendants, among others, and pursuant to statutory and common law, the Originators owe the Removing Defendants indemnification and/or contribution for any claims arising from actual or alleged material misstatements or omissions made by the Originators regarding the mortgage loans at issue, as well as certain legal expenses arising from such claims.

42.     This action is related to the bankruptcies listed in ¶¶ 17-37 above because the Originators owe indemnity and/or contribution obligations to the Removing Defendants.

Such obligations could affect the property of the debtor, and thus give rise to "related to" jurisdiction under 28 U.S.C. § 1334(b).  This action therefore may be removed to this Court by the Removing Defendants pursuant to 28 U.S.C. § 1452(a).  *Garcia-Quintero*, 1997 WL 157744, at *2; *New England Wood Pellet, LLC v. New England Pellet, LLC*, 419 B.R. 133, 142-44 (D.N.H. 2009); *Kropp v. Lawrence*, No. Civ. 05-51-B-W, 2005 WL 757607, at *1 (D. Me. Mar. 31, 2005).

## OTHER PROCEDURAL REQUIREMENTS

43.     Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Fed. R. Civ. P. 5(d), the Removing Defendants will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

44.     Concurrently with the filing of this Notice of Removal, the Removing Defendants are filing a Notification of Filing of Notice of Removal with the clerk of the Superior Court for the Commonwealth of Massachusetts, Suffolk County in accordance with 28 U.S.C. § 1446(d).

45.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

46.     As required under Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, the Removing Defendants state that the claims asserted against them are non-core, within the meaning of 28 U.S.C. § 157(b), and that they do not consent to entry of final orders or judgments by the bankruptcy judge.

47.     By filing this Notice of Removal, the Removing Defendants do not waive any defense that may be available to any of them and do not concede that the allegations in the Complaint state a valid claim under applicable law.

WHEREFORE, the Removing Defendants respectfully request that the State Court Action now pending in the Superior Court for the Commonwealth of Massachusetts, Civil Action No. 11-1533-BLS1, be removed therefrom to this Court.

BINGHAM McCUTCHEN LLP


/s/   Nikki Jean Fisher
Beth I.Z. Boland (BBO #553654)
Nikki Jean Fisher (BBO #660268)
One Federal Street
Boston, Massachusetts 02110
Tel:  (617) 951-8000
Fax:  (617) 951-8736
beth.boland@bingham.com
nikki.fisher@bingham.com

Of Counsel:

Kenneth I. Schacter
Theo J. Robins
399 Park Avenue
New York, New York 10022
Tel:  (212) 705-7000
Fax:  (212) 753-5378
kenneth.schacter@bingham.com
theo.robins@bingham.com

*Attorneys for Defendants Bear Stearns Asset Backed Securities I, LLC, EMC Mortgage Corporation, J.P. Morgan Acceptance Corporation I, J.P. Morgan Mortgage Acquisition Corp., J.P. Morgan Securities, LLC (f/k/a Bear, Stearns & Co. Inc. and J.P. Morgan Securities, Inc.), JPMorgan Chase & Co., JPMorgan Securities Holdings, LLC, Structured Asset Mortgage Investments II, Inc., The Bear Stearns Companies, LLC (f/k/a The Bear Stearns Companies Inc.), and WaMu Capital Corp.*

Dated: May 26th, 2011

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon counsel of record for plaintiffs by electronic mail and by first class mail and, pursuant to agreement, upon counsel of record for all defendants by electronic mail on May 26th, 2011.

/s/ Nikki Jean Fisher
Nikki Jean Fisher

A/74281435.4

21