UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10952-GAO

FEDERAL HOME LOAN BANK OF BOSTON,
Plaintiff,

v.

ALLY FINANCIAL, INC., et al.,
Defendants.

OPINION AND ORDER
March 9, 2012

O'TOOLE, D.J.

The plaintiff, Federal Home Loan Bank of Boston ("Bank"), brought the present action in state court, and the defendants removed the case here. The Bank now moves to remand. The defendants oppose the motion. Ultimately, the motion to remand hinges upon interpretation of the Bank's congressional charter.

I.    The "Sue and Be Sued" Clause

The Bank is a federally chartered cooperative bank created by the Federal Home Loan Bank Act of 1932. Its congressional charter, codified in 12 U.S.C. § 1432, provides that the Bank, as a body corporate, "shall have power . . . to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal." Id. It is the defendants' position, relied upon in their notice of removal, that this provision confers federal jurisdiction as to any case to which the Bank is a party. The Bank urges otherwise.

A central point of contention is the reach and effect of the Supreme Court's holding in American National Red Cross v. S.G., 505 U.S. 247 (1992). In that case, the Court analyzed the jurisdictional effect of a congressional charter authorizing the Red Cross "to sue and be sued in

courts of law and equity, State or Federal, within the jurisdiction of the United States." Id. at 248. The Court held that this language sufficed to confer federal jurisdiction over any case to which the Red Cross was a party. In doing so, the Court characterized its decision as a "rule that a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts." Id. at 255. Since the Red Cross charter expressly referred to the federal courts, the "rule" permitted the Red Cross in that case to remove a state cause of action from a state court to a federal district court.

If the "sue and be sued" clause in the Bank's charter were identical to the clause in the Red Cross charter, there would be no controversy here; federal jurisdiction would surely exist in this case. Instead, the clause in the Bank's charter is similar but different. The question is whether the difference is substantial enough to justify this Court's declining to follow Red Cross and instead applying a distinct interpretation of the Bank's clause that would lead to an opposite outcome.

Many district courts, considering cases very like this one, have found significant a difference in the language between the respective clauses. Unlike the Red Cross clause, the Bank's charter authorizes suits "in any court *of competent jurisdiction*, State or Federal." 12 U.S.C. § 1432 (emphasis added). Those courts have focused on the italicized phrase to conclude that for a suit involving the Bank to proceed in federal court, there must be some independent grant of jurisdiction, distinct from the charter language. See Fed. Home Loan Bank of Indianapolis v. Banc of Am. Mortg. Secs., Inc., No. 10-civ-1463, 2011 WL 2133539, at *1-2 (S.D. Ind. May 25, 2011); Fed. Home Loan Bank of Atlanta v. Countrywide Secs. Corp., No. 11-civ-489, 2011 WL 1598944, at *3 (N.D. Ga. Apr. 22, 2011); Fed. Home Loan Bank of Chi. v. Banc of Am. Secs., LLC, 448 B.R. 517, 527 (C.D. Cal. 2011); Fed. Home Loan of Chi. v. Banc of Am. Funding Corp., 760 F. Supp. 2d 807, 809-10 (N.D. Ill. 2011); Fed. Home Loan Bank of

2

S.F. v. Deutsche Bank Secs., Inc., Nos. 10-3039, 10-3045, 2010 WL 5394742, at *6-8 (N.D. Cal. Dec. 20, 2010); Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs., Inc., 736 F. Supp. 2d 1283, 1286 (W.D. Wash. 2010). In this view, the Bank's charter does not authorize it to sue in any federal court, but only in any federal court of competent jurisdiction as established by some other statutory jurisdictional grant, such as, for example, §§ 1331, 1332, or 1334 of Title 28. This is far from an unreasonable view, but the question is not whether it is sensible or not, but whether lower courts are free to employ it in the light of the Red Cross "rule."

It may be noted that this seems to be a relatively new issue. The defendants have pointed out some instances where one or another of the plaintiff's sister Federal Home Loan Banks had in the past relied on the "sue and be sued" clause to invoke federal jurisdiction. See Notice of Removal, O'Connor Enter. Grp., Inc. v. Spindustry Sys. Inc., No. 09-cv-01483 (S.D. Tex. May 18, 2009) ECF No. 1 (Federal Home Loan Bank of Des Moines); Notice of Removal, FP-2000 Ltd. Dividend Hous. Ass'n Ltd. P'ship v. Sterling Bank & Trust, No. 03-cv-72542 (E.D. Mich. June 30, 2003) ECF No. 1 (Federal Home Loan Bank of Indianapolis).[1] There seems to have been similar instances where the Federal National Mortgage Association ("Fannie Mae"), which has a charter clause using the same formulation as the Bank's, relied on that clause and not some independent basis to support federal jurisdiction. See Connelly v. Fed. Nat'l Mortg. Ass'n, 251 F. Supp. 2d 1071, 1072-73 (D. Conn. 2003); C.C. Port Ltd. v. Davis-Penn Mortg. Co., 891 F. Supp. 371, 372 (S.D. Tex. 1994); Peoples Mortg. Co., Inc. v. Fed. Nat'l Mortg. Ass'n, 856 F. Supp. 910, 917 (E.D. Pa. 1994). However, it does not appear that the reliance on the charter language alone to justify suit in a federal forum was contested in any of those prior cases, so while they may be illustrative of an assumption, they are not useful as authorities here.

---

[1] It seems perhaps a bit odd to find the Bank here arguing strenuously in favor of a *limitation* on its ability to sue in the federal courts.

The Bank's position here is that its charter provision authorizing it to sue in any federal court "of competent jurisdiction" permits it to sue (or be sued) in federal court only when, entirely apart from the charter, it would be entitled to sue (or be sued) in federal court. In other words, while it is empowered to sue and be sued by the charter, it may do so in the federal courts only by some separate authority. It needs *both* the corporate power to sue (granted by the charter) *and* the jurisdictional authority (granted by something other than the charter). This view treats the Bank's "sue and be sued" clause as a capacity clause only.

The question for a lower court is whether this view squares with the Supreme Court's Red Cross holding. My conclusion is that it does not. In my judgment, it is impossible to read the Red Cross decision and think that the Court, following its reasoning expressed there, would treat the Bank's "sue and be sued" clause as a capacity clause only.

Again, here is the "rule" that the Red Cross Court pronounced: "[A] congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts." Red Cross, 505 U.S. at 255. Put the other way around, if the "sue and be sued" provision in a congressional charter mentions the federal courts as a place where suing and being sued can occur, then the provision confers federal jurisdiction for the corporate entity's cases.[2] In Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738 (1824), and D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp., 315 U.S. 447 (1942), the clauses in question mentioned the federal courts specifically, and jurisdiction was found to have been conferred. In Bank of the United States v. Deveaux, 5 Cranch 61 (1809), and Bankers Trust Co. v. Rexas & Pac. Ry. Co., 241 U.S. 295 (1916), the clauses in question did not mention the federal courts specifically, and jurisdiction was found not to have been conferred. See Red Cross,

---

[2] And, conversely, if not, not.

505 U.S. at 252-55. It was plainly the Court's view that a provision that specifically mentions the federal courts is not just a "capacity" clause; it is an authorization for federal jurisdiction.

Some have pointed to the Court's use of the word "may" in its formulation of the rule and suggested the sentence should be understood as saying, in effect, that if the "sue and be sued" clause mentions the federal courts, it may, or it may not, depending on other considerations, confer federal jurisdiction. This is unconvincing. It is not possible to read the Court's lengthy and complex opinion and conclude that the Court was stating in markedly simple terms a rule that could be qualified or avoided by the existence of other unmentioned circumstances. Certainly the dissenting justices did not understand the Court's opinion as reserving the possibility that its holding was to be given nuanced, as opposed to literal, interpretation.[3] Indeed, the dissenting justices lamented that the Court eschewed a more cautious principle in favor of a too-absolute "magic words" test. Red Cross, 505 U.S. at 265.[4]

It is true that the text of the clause the Red Cross Court was considering differs from the one involved here, but neither the majority nor dissenting opinion gives any reason to think the case would have been resolved differently if the Red Cross charter provision had referred to courts "of competent jurisdiction." On the contrary, the Court took the question of "competence" into account in concluding that the clause conferred jurisdiction on those federal courts that would normally have original jurisdiction, i.e., the district courts. Id. at 256 & n.8; see also id. at 267, 269 (Scalia, J., dissenting). In doing so, the Court evidently believed it was hewing close to

---

[3] "The Court today concludes that whenever a statute granting a federally chartered corporation the 'power to sue and be sued' specifically mentions the federal courts (as opposed to merely embracing them within general language), the law will be deemed not only to confer on the corporation the capacity to bring and suffer suit (which is all that the words say), but also to confer on federal district courts *jurisdiction* over any and all controversies to which that corporation is a party." Red Cross, 505 U.S. at 265 (Scalia, J., dissenting).

[4] "[O]ur cases simply reflect the fact that the natural reading of *some* 'sue and be sued' clauses is that they confer both capacity and jurisdiction." Id.

the circumstances in Osborn, where the clause in question identified the circuit courts of the United States as the relevant federal courts of competent jurisdiction. See Red Cross, 505 U.S. at 255-56.

To be sure, the wisdom of the Red Cross rule can be questioned and the Court's reasoning can be criticized, as is demonstrated by both the dissenting opinion and the evident reluctance of some courts to follow the case's holding. The rule is very simple and mechanical, and for that reason it has even been called "silly," see Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779, 795 (Brown, J., concurring), and perhaps it is. In our institutional arrangements, however, lower courts are responsible for following the rules the Supreme Court lays down, even the silly ones. The power to correct such rules lies elsewhere.

Applying the simple and mechanical Red Cross rule to this case, the "sue and be sued" clause in § 1432 "specifically mentions the federal courts," 505 U.S. at 255, and therefore brings this case within the jurisdiction of this Court. The defendants' removal was thus authorized, and the motion to remand must be denied.

II.   Other Issues

In their notice of removal, the defendants also relied as a basis for removal on 28 U.S.C. §§ 1334(b) and 1452(a), which, together, provide for removal from state courts of cases within federal jurisdiction where those cases are "related to" a pending bankruptcy case. Because this Court has concluded that the Bank's "sue and be sued" clause is sufficient to support federal jurisdiction, it is not necessary to discuss in detail the proposed alternate ground. However, because I recognize that my decision regarding the charter provision sails against the tide and thus may be the subject of an appeal, I state summarily my views of the other issues.

I do not think the issues in this case are sufficiently "related to" existing or potential bankruptcy proceedings to support jurisdiction under § 1334(b). Any relationship, as described in the defendants' papers, is both contingent and remote.

If the case could be properly removed to this Court under § 1334(b), I do not think that it would be subject to *mandatory* abstention or remand under § 1334(c)(2). First, I do not think that section authorizes remand, as distinguished from abstention. In any event, there is a single case here. This is not a situation where there are separate cases simultaneously pending, so that the federal court should abstain in deference to the distinct proceedings in the state court.

However, even if jurisdiction could be supported as "related to" a bankruptcy under § 1334(b), I would remand the case for equitable reasons, as authorized by § 1452(b), which provides that a court may "remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). In determining whether there is such an "equitable ground," courts consider factors including: "(1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court." In re Santa Clara Cnty. Child Care Consortium, 223 B.R. 40, 46 (B.A.P. 1st Cir. 1998); see also Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co., 130 B.R. 405, 407 (S.D.N.Y. 1991).

Equitable remand would be appropriate here. First, the Bank's complaint contains only state-law claims. Second, comity counsels in favor of state-court resolution of state-law claims. Third, the plaintiff's action is not close in its relation to any bankruptcy proceedings.

Finally, the defendants seek leave to file a supplemental notice of removal to assert federal jurisdiction under the Edge Act, 12 U.S.C. § 632. In light of my conclusion about jurisdiction under the charter language, leave to file is denied.

III.     Conclusion

For the reasons set forth in part I above, Plaintiff's Motion (dkt. no. 113) to Remand is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge