UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10952-GAO

FEDERAL HOME LOAN BANK OF BOSTON,
Plaintiff,

v.

ALLY FINANCIAL, INC., et al.,
Defendants.

ORDER
May 1, 2014

O'TOOLE, D.J.

This case arises from allegations that the defendants, various banks and ratings companies, made false or misleading representations, by statements or omissions, to the plaintiff, the Federal Home Loan Bank of Boston ("the Bank"), regarding 111 mortgage certificates. Each of the 111 certificates is backed by a supporting loan group ("SLG") of residential home mortgages. Mortgages given by approximately 215,000 homebuyers are potentially at issue in this case.

Specifically, the Bank alleges that the defendants misrepresented or omitted information regarding the underwriting guidelines used to originate these loans. As one means of proving this allegation, the Bank plans to re-underwrite loans from each of the 111 SLGs at issue to determine whether those loans were in compliance with relevant underwriting guidelines. To reduce the expense and time associated with the re-underwriting process, the Bank proposes a statistical sampling methodology that would allow it to re-underwrite only a relatively small sample of the 215,000 loans at issue.

The Bank has moved for an order approving its expert's proposed statistical sampling methodology, arguing primarily that the methodology is both reliable and relevant, will greatly simplify this litigation, and will significantly reduce expense and time for all parties. Some defendants oppose this motion on a number of grounds: that the Bank's expert has not begun to apply his methodology to the loans at issue, and thus there are no results to be evaluated; that the methodology omits critical information and is not designed to answer non-binary questions; and that the methodology will have little, if any, effect on the scope of fact discovery. In effect, the Bank seeks <u>Daubert</u> pre-clearance for its expert's methodology.

Courts in this district and others have resolved this issue differently. <u>Compare</u> <u>Mass. Mut. Life Ins. Co. v. Residential Funding Co.</u>, No. 11-30035-PBS, 2013 WL 6490125 (D. Mass. Dec. 9, 2013) (determining the admissibility of an expert's sampling methodology before it was applied to the mortgage loans at issue, because "[e]arly resolution of the viability of the sampling methodology makes sense as a case management matter"), <u>with</u> <u>Capital Ventures Int'l v. J.P. Morgan Mortg. Acquisition Corp.</u>, No. 12-10085-RWZ, dkt. no. 86, at 1–2 (D. Mass. Aug. 2, 2013) (concluding that "the better course . . . is to continue with fact discovery and resolve any <u>Daubert</u> issues thereafter"), <u>and</u> <u>Capital Ventures Int'l v. UBS Sec. LLC</u>, No. 11-11937-DJC, dkt. no. 59 (D. Mass. July 2, 2013) ("[T]he better course is to allow fact discovery to go forward with expert disclosures to follow . . . ."). The decision is primarily one of case management.

Even if the Bank's motion were allowed, it is likely that this Court would still need to revisit the methodology, and its application to the relevant loans, after the Bank's supplemental expert report and the defendants' response. For that reason, it is uncertain whether allowing the Bank's motion would have any appreciable effect on the scope of discovery, on the parties' costs or time expended, or on judicial resources used. I therefore conclude that the Bank's motion is

premature. To avoid relitigation of this issue, the parties are to continue with fact discovery and take up the issue of methodology, as well as its application and the experts' conclusions, thereafter. The Bank's Motion for Approval of Statistical Sampling Methodology (dkt. no. 391) is therefore DENIED WITHOUT PREJUDICE.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge