## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FEDERAL HOME LOAN BANK OF
BOSTON,

               Plaintiff,

    v.

ALLY FINANCIAL INC. et al.,

               Defendants.

Civil Action No.11-10952-GAO

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
## TO ENLARGE DEPOSITION TIME

## [REDACTED]

## TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ...................................................................................................... 2

    A.    The deponents ............................................................................................ 2

    B.    The process leading to Defendants' motion.......................................... 3

    C.    Yan Sun is willing to compromise and sit for a two-day deposition, but Defendants have refused the Bank's invitation to compromise. ................... 4

III.    ARGUMENT ............................................................................................................ 5

    A.    Legal standard ............................................................................................ 5

    B.    It would be extremely burdensome—on both themselves and others—for Messrs. Devine and Sun to sit for three-day depositions. ........................................................................................... 5

    C.    Six days of deposition testimony will have little marginal benefit over three days. ..................................................................................... 8

        1.    Defendants do not need three full days for witnesses much of whose testimony will apply simultaneously to each Certificate and each Defendant group........................................ 8

        2.    Giving Defendants three full days to question each witness would be duplicative. ........................................................... 10

IV.    CONCLUSION...................................................................................................... 12

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Elec. Power Co., Inc. v. United States*,
    191 F.R.D. 132 (S.D. Ohio 1999)................................................................6

*Cuthbertson v. Excel Indus., Inc.*,
    179 F.R.D. 599 (D. Kan. 1998)................................................................4

*Fed. Reserve Bank of Bos. v. Comm'r of Corps. & Taxation of Mass.*,
    499 F.2d 60 (1st Cir. 1974)................................................................7

*Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*,
    No. 1:07-CV-956, 2009 WL 724001 (W.D. Mich. Mar. 10, 2009).....................4, 5

*Malec v. Trustees of Boston College*,
    208 F.R.D. 23 (D. Mass. 2002)................................................................12

*Ramirez v. Palisades Collection, LLC*,
    No. 07 C 3840, 2008 WL 7506560 (N.D. Ill. Jan. 7, 2008) ............................11

*Solomon v. Nassau Cty.*,
    274 F.R.D. 455 (E.D.N.Y. 2011)................................................................7

**Rules**

Fed. R. Civ. P. 45................................................................5

Fed. R. Civ. P. 45(d)(3)(A)................................................................5

**Treatises**

9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2463.1 (3d ed.
    2016)................................................................5

## I.       INTRODUCTION

Defendants' Motion to force two former employees of the Federal Home Loan Bank of Boston (the "Bank") to sit for a total of *six days* of deposition overreaches on the facts and falls short on legal authority.

Collectively, non-parties Yan Sun and Dan Devine are willing to sit for a total of three days of deposition testimony, but Defendants' tone-deaf insistence on a total of six days has not only drowned out this potential compromise, but also backed Defendants into a legally and factually unsupportable position.  Defendants have made a "take-it-or-leave-it" demand for six days of deposition testimony without demonstrating why any additional time is necessary or how their alleged need justifies the overwhelming burden it places on these third parties. Defendants' Motion should be denied for basic procedural and substantive reasons.

*First*, Defendants' motion is premature. Defendants seek an order compelling Mssrs. Sun and Devine to each sit for three-day depositions. Yet Defendants have failed to issue or serve a subpoena on either third-party. There is thus no subpoena for this Court to enforce. This alone serves as a basis on which to deny the motion.

*Second*, Defendants' request levies a substantial and unreasonable burden on these two witnesses. Neither Mr. Sun nor Mr. Devine work for the Bank. Each now has a significant role at two different federal or federally-regulated institutions that require their presence. Mr. Sun has a unique role in risk modeling at the Federal Reserve Bank of Boston that no other employee can perform in his absence. Mr. Devine is the Chief Financial Officer of a community bank ████████ ████████████████████████████████████████████████████████████ ████████. Absence from work to attend a deposition lasting three days (whether consecutive or not) will immensely burden these individuals, their employers, and their families. Moreover, both witnesses must take unpaid leave or vacation time to sit for each day of deposition.

Requiring them each to miss three days to be interrogated by Defendants creates substantial burden that cannot be alleviated without limiting the time.

*Third*, Defendants fail to tack together a coherent argument why they need both Mr. Sun and Mr. Devine to sit for three full days of deposition testimony each, and how that need might overcome the burden placed on these two witnesses. As the depositions Defendants have already taken demonstrate, the common issues shared by the Defendants reduce the need for most, if not all, individualized questioning by the discrete defendant groups.  Particularly here, where one of the witnesses is willing to sit for two days, the 21 hours of deposition time available to Defendants are more than ample to allow each Defendant group to explore any remaining theory or possible defense. As is the practice in this District, the proper approach to Defendants' *hypothetical* need for more than three days of deposition testimony is to consider and address the specific issue at the conclusion of both depositions.

Defendants' premature motion fails to provide evidence of any specific need to take three-day depositions each of Messrs. Sun and Devine. Moreover, Defendants cannot justify the unreasonable burden they demand of these third-party witnesses and their employers. The Bank respectfully requests that the Court deny this Motion.

## II.    BACKGROUND

### A.    The deponents

Defendants ask to take three-day depositions of Yan Sun and Dan Devine, who both worked in the Bank's Treasury Department and were involved in the Bank's purchases of the Certificates. Messrs. Sun and Devine worked as Portfolio Managers in the Bank's Treasury Department. ███████████████████████████████████████████████████████ ████████████████████████████████████████████████. Transcript of the Rule 30(b)(6) Deposition of Frank Nitkiewicz ("Nitkiewicz Tr.") 38:12-16 (excerpts of which

are attached as Exhibit 1 to the Declaration of Amy Williams-Derry in Support of Plaintiff's

Opposition to Defendants' Motion to Enlarge Deposition Time ("Williams-Derry Decl.")). ███

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████ *Id.*

at 85:12-16, 85:20-86:2; *see also* Transcript of the Deposition of Russell Blake ("Blake Tr.)

151:11-153:6, 183:12-184:8, 187:2-12 (excerpts of which are attached as Exhibit 2 to the

Williams-Derry Decl.). ████████████████████████████████████████

████████████████████████████████████████.

Nitkiewicz Tr. at 86:7-87:1.

## B.    The process leading to Defendants' motion

An odd misunderstanding has pervaded Defendants' approach to the depositions of

Messrs. Devine and Sun. Again and again, Defendants have insisted that the Bank take a position

on the proper length of the depositions. And now, in their moving papers, Defendants spill a

surprising amount of ink on what the Bank has and has not said about the depositions over the

last month. Defendants' Memorandum In Support of Motion to Enlarge Deposition Time

("Mem.") 7-9, 13.

It is not clear what Defendants think this discussion proves. The Bank, it is true, has

largely stood back from the discussions between the witnesses and Defendants—but not because

it believes Defendants' request for four-day (now slightly reduced to three-day) depositions is

appropriate. The Bank has stood back because this discovery dispute is principally between

Defendants and the witnesses, not Defendants and the Bank. Defendants are not seeking the

testimony of the Bank's current employees, but of former employees—i.e., third parties to this

litigation.

Defendants' misunderstanding on this point has even infected the formalities necessary for Defendants to take the depositions of Messrs. Devine and Sun. The attorneys representing the Bank in this action told Defendants some time ago that they also represent Messrs. Devine and Sun and are willing to accept process on their behalf. *See* Letter from Amy Williams-Derry to Scott Wilcox, dated October 7, 2016 (attached as Exhibit 3 to the Williams-Derry Decl.). Despite this, Defendants have not actually served subpoenas seeking their testimony. As a result, Defendants have not formally brought these two persons within the Court's personal jurisdiction. *See, e.g.*, *Cuthbertson v. Excel Indus., Inc.*, 179 F.R.D. 599, 602 (D. Kan. 1998) ("Generally, the court acquires jurisdiction over non-parties during the discovery process by the issuance and service of a subpoena upon the person. In this case, the deponent was not served with a subpoena. . . . [T]he court did not acquire jurisdiction over him since he had not been served with a subpoena."); *see also Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, No. 1:07-CV-956, 2009 WL 724001, at *2 (W.D. Mich. Mar. 10, 2009) (subpoenas were required to compel testimony from persons who were not employees of the defendants). This Opposition is thus filed not on behalf of Messrs. Devine and Sun, but, by necessity, solely on behalf of the Bank.[1]

**C.    Yan Sun is willing to compromise and sit for a two-day deposition, but Defendants have refused the Bank's invitation to compromise.**

Mr. Sun is willing to sit for a two-day deposition, even in the absence of an order from this Court. Defendants, however, have not been willing to hear Mr. Sun out. In an October 19 conversation between defense counsel and counsel for Mr. Sun, defense counsel stated that their request for three-day depositions was not "an invitation for Messrs. Sun or Devine to attempt a compromise by offering a counteroffer of two days." *See* Letter from Amy Williams-Derry to Edmund Polubinski III and Scott Wilcox, dated October 21, 2016, at 1 n.1 (attached as Exhibit 4

---

[1] Messrs. Devine and Sun have authorized their counsel to share their Declarations (filed along with this Opposition) with the Bank.

to Williams-Derry Decl.). Counsel for Mr. Sun asked defense counsel to "let us know" if they "would consider" such a compromise, but defense counsel never expressed any interest. *Id*; Williams-Derry Decl. ¶ 6.  Defendants' refusal to compromise on this motion has therefore foreclosed any possibility for Mr. Sun to present his compromise position.

## III.    ARGUMENT

### A.    Legal standard

Under Rule 45, a district court "must quash or modify a subpoena" that "subjects a person to undue burden."[2] Fed. R. Civ. P. 45(d)(3)(A). Whether a subpoena subjects a witness to undue burden "usually raises a question of the reasonableness of the subpoena." 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2463.1 (3d ed. 2016). In turn, determining whether a subpoena is reasonable requires balancing "the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." *Id.* (footnotes omitted).

### B.    It would be extremely burdensome—on both themselves and others—for Messrs. Devine and Sun to sit for three-day depositions.

"While the law permits a litigant to impose herself on other people by calling them as witnesses for the benefit of making her claims, the law implicitly recognizes these people also have lives." *Fox*, 2009 WL 724001, at *1. Here, Defendants' demand that Messrs. Devine and Sun both undergo three-day depositions ignores the burden this would impose on their lives. The depositions would require Mr. Sun to take unpaid leave from work, Declaration of Yan Sun in

---

[2] As the Bank has noted above, Defendants have not yet served subpoenas on counsel for Messrs. Devine and Sun. For purposes of this Opposition, however, the Bank will analyze the issues as if subpoenas had already been served.

Support of Plaintiff's Opposition ("Sun Decl.") ¶ 8 (attached as Exhibit 5 to the Williams-Derry

Decl.), and require Mr. Devine to take his limited vacation time or unpaid leave, Declaration of

Dan Devine in Support of Plaintiff's Opposition ("Devine Decl.") ¶ 9 (attached as Exhibit 6 to

the Williams-Derry Decl.). Because Messrs. Sun and Devine are nonparties, these burdens must

be taken into account. *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D.

Ohio 1999) (status of person as nonparty is a factor weighing against enforcement of a

subpoena).

What makes the imposition truly extraordinary, however, is the burden that the

depositions would place on persons and entities *other* than Messrs. Devine and Sun. Mr. Sun

works for the Federal Reserve Bank of Boston as a Senior Capital Markets Specialist. Sun Decl.

¶ 2. In that position, he has "responsibilities related to model risk management for which [he is]

uniquely responsible." *Id.* These responsibilities cannot be shifted to someone else: Mr. Sun has

"a specific technical skill set in these areas that is not redundant with other employees of the

Boston Fed." *Id.* As a result, when Mr. Sun misses work, "there is a knowledge and information

gap in the work the Boston Fed is able to accomplish." *Id.*

Much the same holds true for Mr. Devine, who is the Chief Financial Officer of Milford

National Bank & Trust Company, a community bank in Milford, Massachusetts. Devine Decl.

¶ 2. As in the case of Mr. Sun, Mr. Devine's place cannot be filled while he is absent,

particularly at this time of the year, when "annual strategic and budgetary planning" goes on at

his Bank. *Id.* ¶ 6. He plays "an essential role" in these tasks, and because his employer is "a

small community bank," it has "very few redundancies among its key resources." *Id.* If he is

away for several days, his employer's "interests will suffer." *Id.* And not just his employer's.

███████████████████████████████████████████████████

███████████████████████████████████████████████████



*Id.* Being absent for more than a single day during this time "would not be tolerable" to Mr. Devine's employer, ██████████████████████████████████ . *Id.* ██████████████████████████████ ██████████████ *Id.*

Thus, the three-day depositions that Defendants are demanding would unduly burden not just the witnesses themselves, but also their employers. Mr. Sun's employer, the Federal Reserve Bank of Boston, is an instrumentality of the federal government, carrying out important tasks on its behalf. *Fed. Reserve Bank of Bos. v. Comm'r of Corps. & Taxation of Mass.*, 499 F.2d 60 (1st Cir. 1974) (holding that the Federal Reserve Bank of Boston is an instrumentality of the federal government). And while Mr. Devine is not employed by the government, depositions would interfere with the OCC's examination of his employer. These serious burdens must be considered because courts take into account "not only the direct burdens caused" by requested testimony, "but also the government's serious and legitimate concern that its employee resources not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations." *Solomon v. Nassau Cty.*, 274 F.R.D. 455, 460 (E.D.N.Y. 2011) (citation and internal quotation marks omitted). Only the most imperious of needs can justify such interference with the public good, and here, as the Bank will explain below, Defendants have failed to articulate a pressing need for two separate depositions lasting three days each.

These burdens cannot be lightened by Defendants' promises to "schedule the depositions on non-consecutive days and otherwise accommodate within reason the witness's personal and professional commitments." Mem. 8. Three non-consecutive days are still three days that Messrs. Sun and Devine must be absent from tasks that their employers cannot perform without them. A

seven-hour evening deposition would stretch early into the morning, unduly burdening the witnesses and curtailing the quality of their testimony. And while a weekend deposition would not interfere with the witnesses' employment, it would interfere with family obligations and verge on the abusive for Defendants to take up multiple weekends of a nonparty with depositions.

**C.     Six days of deposition testimony will have little marginal benefit over three days.**

> **1.     Defendants do not need three full days for witnesses much of whose testimony will apply simultaneously to each Certificate and each Defendant group.**

Defendants ask for three-day depositions of both witnesses mainly on the ground that the case concerns six different groups of Defendants and 27 distinct securities, and that each group and each security will take up time in the examinations. *See* Mem. 11-12. But this rationale could justify three full days for each deponent only if there are few common issues among Defendants, and if all Defendants need similar amounts of time. But many common issues exist, and Defendants' conduct thus far indicates that all Defendants will not need the same amount of time to examine the witnesses.

Common issues among the Defendants and securities abound. Both Mr. Devine and Mr. Sun aver that the Bank's "conservative investment approach to these [private-label mortgage-backed security] investments was fundamentally similar for every . . . transaction at issue from 2005 to 2007." Devine Decl. ¶ 8; Sun Decl. ¶ 5.

What Sun and Devine assert is confirmed by Defendants' deposition of Russell Blake, an assistant portfolio manager at the Bank. That deposition also demonstrates the existence of common issues. ███████████████████████████████████████████████
███████████████████████████████████████████, Blake Tr. 74:5-11, 74:24-75:5, ███
███████████████████████████████████████████████████████████

████████████████████████████████████████████ *id.* 90-92, 138-39, 182-83, 186-87, 226-29. And Mr. Blake testified that ████████████████████████████ ████████████████████:



Blake Tr. 220:20-221:4, 257:15-22, 285:5-7, 307:5-10.

The existence of common issues means that all Defendant groups will not require the same amount of time to question Messrs. Sun and Devine. Much of the same foundational testimony will apply to all Defendant groups simultaneously, as Russell Blake's testimony shows. Accordingly, after initial questioning by one Defendant group, the other Defendants will

9

need far less time to perform their examinations. Again, this is shown by Mr. Blake's deposition. Of the 316 pages of deposition testimony in total, initial questioning by the Morgan Stanley Defendants took up 205 pages. Questioning by the Nomura Defendants, Credit Suisse Defendants, UBS Defendants, and RBS Defendants took up, respectively, 39 pages, 36 pages, 21 pages, and 12 pages.[3] Blake Tr. at 1-4. Questioning by each Defendant group took up progressively less time because of the questioning that had preceded it. Because the same will be true for Messrs. Sun and Devine, Defendants do not need three full days to question each of them. Particularly in light of the overlap between the two witnesses—a subject discussed in detail below—a total of three days of deposition will be enough.

### 2. Giving Defendants three full days to question each witness would be duplicative.

Six days of deposition testimony for Messrs. Sun and Devine would be duplicative for two reasons. First, there is considerable overlap in responsibilities and knowledge between Sun and Devine. Second, other useful sources of proof stand open to Defendants.



. Nitkiewicz Tr. 87:9-88:15.

. *Id.* at 42:23-45:14.

. *Id.* at 87:21-24.

As Defendants note, Mr. Sun provided the initial signature for 23 of the 27 Certificates, with Mr. Devine providing the second signature. Mem. 7. To understand the analysis that went into the purchase decision for these Certificates, Defendants need not question *both* Mr. Sun and

---

[3] The Impac Defendants, for their part, did not question Mr. Blake at all.

Mr. Devine. At the very least, they need not question both witnesses for the same amount of

time, ███████████████████████████████. The deposition of both witnesses for the

same amount of time will be cumulative and hence unduly burdensome. *Cf. Ramirez v. Palisades*

*Collection, LLC*, No. 07 C 3840, 2008 WL 7506560, at *4 (N.D. Ill. Jan. 7, 2008) ("This Court

finds considerable difficulty in understanding why the deposition of Kevin Waithika is not

cumulative, since it appears that the information he would testify to was already provided by Ms.

Bey. Kevin Waithika is Ms. Bey's subordinate and has access to the same information.

Therefore, the request to take the deposition of Kevin Waithika is denied.").

In addition, Defendants have already been provided with a great deal of information on

the Bank's purchases. The Bank has already provided Defendants with the memoranda that the

Treasury Department used to memorialize its purchase decisions. These memoranda enumerated,

with some detail, the factors that went into Messrs. Sun and Devine's decision, and Defendants

never explain what they believe deposition testimony will add to the analysis of the memoranda.

*See* Exhibits 7 through 33 to the Williams-Derry Decl. Defendants have also been provided with

testimony on the subjects about which they seek to question Messrs. Sun and Devine. In

Defendants' Rule 30(b)(6) notice of deposition, most of the topics of examination they

enumerated related to the Bank's decisions to purchase mortgage-backed securities. *See*

Defendants' Notice of Rule 30(b)(6) Deposition at 11 (attached as Exhibit 34 to the Williams-

Derry Decl.) ("The roles and responsibilities of [various individuals], including as to . . .

investment decisions concerning RMBS . . . . Your investment criteria, strategies and goals . . . .

The models . . . or other documents or communications that you used to evaluate or analyze any

actual or potential purchase . . . . Your reviews and/or evaluations used in the investment . . .

process concerning RMBS . . . ."). Accordingly, they already elicited testimony on what the

Treasury Department considered in making these purchases from one of the Bank's 30(b)(6)

designees. Nitkiewicz Tr. 83:5-86:22, 87:5-89:14, 97:5-19. Mr. Blake's deposition was also able to provide Defendants with information on the Bank's purchase process. *See, e.g.*, Blake Tr. 98:8-103:13, 121:5-126:13. 141:5-155:18, 157:9-19, 159:23-160:13, 165:17-189:10. In light of these sources of information, Defendants' request for six additional days of testimony is excessive.

In light of the marginal benefit of three full days of testimony for each witness, Defendants should at least be required to exhaust two days of testimony from Mr. Sun, and one day of testimony from Mr. Devine, before seeking more time. This was the practice recommended in *Malec v. Trustees of Boston College*, 208 F.R.D. 23 (D. Mass. 2002), and this practice would make sense even if *Malec* had never been decided. This is true for a number of practical reasons. First, actually using the hours available to them will help to show whether more time is actually needed. The 21 hours that Messrs. Sun and Devine are willing to offer will "determine how much is able to be covered" in that time, and if "additional time is needed." *Id.* at 24. Second, seeing how much is able to be covered in those 21 hours may help to narrow any disagreement between counsel—if that time is manifestly insufficient, counsel may be able "to stipulate to extend the deposition for a specific additional time period." *Id.* And third, by narrowing disagreement, *Malec*'s recommended procedure conserves judicial resources; only "[i]f the parties cannot reach a stipulation" may judicial "intervention be sought." *Id.* Defendant should at least exhaust the three full days that the witnesses will offer before coming to this Court for more.

## IV.    CONCLUSION

For the reasons stated above, the Court should deny Defendants' motion.

Dated:  November 14, 2016                    Respectfully submitted,

                                             /s/ Amy Williams-Derry
                                             Amy Williams-Derry
                                             awilliams-derry@kellerrohrback.com
                                             Derek W. Loeser
                                             dloeser@kellerrohrback.com
                                             Benjamin Gould
                                             bgould@kellerrohrback.com
                                             KELLER ROHRBACK L.L.P.
                                             1201 Third Avenue, Suite 3200
                                             Seattle, Washington 98101
                                             (206) 623-1900, Fax (206) 623-3384

                                             Gary A. Gotto
                                             ggotto@kellerrohrback.com
                                             3101 North Central Avenue, Suite 1400
                                             Phoenix, Arizona 85012
                                             (602) 248-0088, Fax (602) 248-2822

                                             Thomas G. Shapiro, BBO No. 454680
                                             tshapiro@shulaw.com
                                             Adam M. Stewart, BBO No. 661090
                                             astewart@shulaw.com
                                             SHAPIRO HABER & URMY LLP
                                             Seaport East, Two Seaport Lane
                                             Boston, MA 02210
                                             Tel: (617) 439-3939

                                             *Attorneys for Plaintiff Federal Home Loan Bank of Boston*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing and

paper copies will be sent via U.S. first class mail to those indicated as non-registered participants

on November 14, 2016.

/s/ Amy Williams-Derry
Amy Williams-Derry